

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 2-08-490-CV

ANGELA RACHELL MARTIN                                                    APPELLANT

V.

TRAVIS RYAN MARTIN                                                         APPELLEE

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In five issues, Appellant Angela Rachell Martin complains about the trial court's order enforcing the agreed divorce decree that both she and Appellee Travis Ryan Martin signed and requiring her to sign a special warranty deed reserving for herself only a one-twelfth (1/12) mineral interest in the property known as "the Ranch." Because we hold that the trial court did not abuse its discretion, we affirm the trial court's order.

---

[1] *See* Tex. R. App. P. 47.4.

The trial court signed a divorce decree on May 22, 2007, awarding Travis "[a]ny and all OF THE PARTIES['] interest in the property known as 'The Ranch'" and "[a]ny and all OF THE PARTIES['] mineral interest, in the property known as 'The Ranch' . . . , **save and except** those interest[s] awarded to ANGELA . . . herein." The words "OF THE PARTIES" in both paragraphs are handwritten and initialed by both parties, their attorneys, and the trial judge.

The decree awarded Angela "[a] portion of the mineral interest, in the property known as 'The Ranch' . . . , more specifically described *as a 1/6 undivided mineral interest in the entire 107 acres in which the parties own an interest which mineral interest shall be reserved in the special warranty deed from wife to husband and his parents*." [Emphasis added.] The italicized portion of the previous sentence is handwritten and initialed by the parties, their attorneys, and the trial judge. The decree does not specify the extent of the parties' ownership in "the entire 107 acres." We have no record of an appeal of the divorce decree.

After a post-divorce enforcement hearing that was not recorded, the trial court signed a November 24, 2008 order granting Travis's motion and ordering Angela to sign a special warranty deed conveying to Travis, in relevant part, "[a]ll of [her] right, title and interest in and to . . . 107.123 acres of land out of the WRIGHT WILLIAMS SURVEY, A-574, Hood County, Texas, and being that same tract of land as described in Volume 1519, Page 114 of the Deed Records of Hood County, Texas"

2

except "an undivided ONE TWELFTH (1/12th) interest in and to all of the oil, gas, and other minerals in, on, and under the subject land."

At our direction, the trial court entered a clarification order, which provides,

1.    On September 24, 2008, the Court held a hearing at the bench on Travis Martin's Second Amended Motion to Sign Special Warranty Deed. At the hearing, the Court questioned the parties' attorneys about the interest in the 107.123 acres that was owned by Travis and Angela Martin prior to the Decree of Divorce. The parties agreed that Angela and Travis owned at most a one-half (1/2) interest in the surface and mineral estate of the entire 107.123 acres.

2.    Given the parties' representation of ownership, the Court reviewed the Decree of Divorce, the contents of the court's file, the pleadings related to Travis Martin's Motion to Sign, the proposed order, and the proposed warranty deed. Based on the foregoing, the Court interpreted the Decree of Divorce with John Clark's (Angela's attorney) handwritten insert to conclude that the agreement between the parties and the language used in the decree intended only to transfer one-sixth (1/6th) of the parties' one-half (1/2) interest in the property, for a one-twelfth (1/12th) overall mineral interest to Angela. The Court signed the order granting Travis Martin's Motion to Sign because it was consistent with the property division in the decree. This one-sixth (1/6th) mineral interest reservation was taken from the parties' one-half (1/2) interest, which was the only portion of the 107.123 acres before the Court for division.

3.    Neither party suggested that the decree was ambiguous, and the Court declined an invitation to award Angela a greater interest than the parties owned or than the decree awarded.

4.    No party asked to submit evidence at the hearing, nor did any party request findings of fact or conclusions of law.

Agreed judgments are interpreted in accordance with contract law.[2]  As the Supreme Court of Texas has explained,

> We construe the decree as a whole to harmonize and give effect to the entire decree.  If the decree is unambiguous, the Court must adhere to the literal language used.  If the decree is ambiguous, however, the decree is interpreted by reviewing both the decree as a whole and the record.  Whether a divorce decree is ambiguous is a question of law.[3]

Further, if a divorce decree is ambiguous, that is, susceptible of multiple interpretations, courts should construe it to correctly apply the law.[4]

The Martins' divorce decree does not describe or define the extent of the their ownership in the "entire 107 acres in which the parties own an interest."  The decree is therefore ambiguous.[5]  Because only the property of the divorcing spouses is subject to division by the trial court,[6] the trial court properly relied on the parties'

---

[2] *Murray v. Murray*, 276 S.W.3d 138, 144 (Tex. App.—Fort Worth 2008, pet. dism'd).

[3] *Hagen v. Hagen*, 282 S.W.3d 899, 901–02 (Tex. 2009) (citations omitted).

[4] *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003).

[5] *See id.*

[6] *See* Tex. Fam. Code Ann. § 7.001 (Vernon 2006) (providing that "[i]n a decree of divorce . . . , the court shall order a division of the estate of the parties in a manner that the court deems just and right"); *K.B. v. N.B.*, 811 S.W.2d 634, 641 (Tex. App.—San Antonio 1991, writ denied) (noting that divorce courts frequently divide marital assets in which a third party claims an interest, holding that the third-party claims "do not deprive the court of jurisdiction *to divide among the litigants whatever interests they may have in the property*," and explaining that "[t]he court's adjudication of the issues before it does not prejudice the right of non-party third persons to be heard later") (emphasis added), *cert. denied*, 504 U.S. 918 (1992).

agreement "that Angela and Travis owned at most a one-half (1/2) interest in the surface and mineral estate of the entire 107.123 acres" to enforce the intended division of the parties. That is, the trial court properly interpreted the agreed decree, which states that Angela would retain one-sixth (1/6) of the parties' interest in the tract's mineral estate, to mean that Angela would retain one-sixth (1/6) of the parties' one-half (1/2) interest, or one-twelfth (1/12) of the total tract's mineral estate.

Angela argues that the grammatical rules of construction and the other provisions of the decree support her contention that the decree is unambiguous in her favor. But contrary to her contention, in the entire phrase, "a 1/6 undivided mineral interest in the entire 107 acres in which the parties own an interest," the short phrase "in which the parties own an interest" restricts the prepositional object, "the entire 107 acres," limiting the one-sixth (1/6) undivided mineral interest to only that portion of the 107 acres, in this case one-half (1/2) of the entire tract, in which the parties own an interest.[7] Further, the other provisions of the decree, as presented above, support the trial court's interpretation.

We hold that the trial court did not abuse its discretion by relying on the record and the parties' agreement in court that they "owned at most a one-half (1/2) interest

---

[7] *See* Tex. L. Review, Manual on Usage and Style § 1.21 (11th ed. 2008) (noting that a "restrictive . . . phrase limits or identifies which of several possible persons, things, or ideas the . . . phrase refers to; it is therefore essential to the meaning of the sentence").

in the surface and mineral estate of the entire 107.123 acres" to construe and enforce the Martins' divorce decree. We overrule all of Angela's issues.

Having overruled all of Angela's issues, we affirm the trial court's order enforcing the divorce decree.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

GARDNER and WALKER, JJ. concur without opinion.

DELIVERED: June 10, 2010